1 | SCOTT J. HYMAN (State Bar No. 148709)
2 | sjh@severson.com
| DOUGLAS C. STASTNY (State Bar No. 269470)
3 | dcs@severson.com
| SEVERSON & WERSON
4 | A Professional Corporation
| The Atrium
5 | 19100 Von Karman Avenue, Suite 700
| Irvine, California 92612
6 | Telephone: (949) 442-7110
7 | Facsimile: (949) 442-7118

8 | Attorneys for Defendant
| BELLCO CREDIT UNION
9

10 | **UNITED STATES DISTRICT COURT**

11 | **CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION**

12

13 | VINCENT WILLIAMS, and ASHLEY
14 | MCASSEY,

15 |            Plaintiffs,

16 |     vs.

17 | WM. MALOY, INC., WILLIAM W.
18 | MALOY, BELLCO CREDIT UNION,
| and DOES 1 through 10, inclusive,
19
| Defendants.
20

Case No. 2:16-cv-03469 AB (KSx)
Hon. Andre Birotte, Jr.
Ctrm. 4 – Spring St.

**DEFENDANT BELLCO CREDIT
UNION'S ANSWER TO
COMPLAINT**

Action Filed:   May 19, 2016
Trial Date:     None Set

21

22

23

24

25

26

27

28

1    Defendant Bellco Credit Union ("Defendant") hereby answers Plaintiffs

2    Vincent Williams and Ashley McAssey's (collectively, "Plaintiffs") Complaint as

3    follows:

4                                    **OPERATIVE FACTS**

5         1.      Answering Complaint ¶1, Defendant admits that Vincent Williams

6    obtained a refinance loan from Defendant on or about November 12, 2011 through a

7    Closed-End Note, Disclosure, Loan and Security Agreement ("Agreement") relating

8    to a 2006 Mitsubishi Lancer ("Lancer"). Defendant admits that it is a credit union

9    headquartered in the State of Colorado. Defendant admits that the Agreement gave

10   Defendant a security interest in the Lancer. Defendant admits that the Agreement

11   contains a provision stating that the Agreement was being executed and delivered in,

12   and was intended to be performed in, the State of Colorado and shall be construed

13   and enforced in accordance with the laws of the State of Colorado, except to the

14   extent that the Uniform Commercial Code provides for the application of the law of

15   another state. Defendant lacks sufficient knowledge or information to form a belief

16   as to the truth of any other remaining allegations contained within Complaint ¶1,

17   and on that basis denies both generally and specifically, in the conjunctive and

18   disjunctive, each and every remaining allegation contained therein.

19        2.      Answering Complaint ¶2, Defendant admits that Plaintiffs purchased,

20   as co-buyers, a 2014 Jeep Wrangler ("Jeep") in Golden, Colorado and obtained

21   financing for the purchase of the Jeep through Defendant. Defendant admits that it

22   took assignment of the Retail Installment Sale Contract ("RISC"), which gave

23   Defendant a security interest in the Jeep and that the RISC contains a provision

24   stating that Federal law and Colorado law apply to the RISC. Defendant lacks

25   sufficient knowledge or information to form a belief as to the truth of any other

26   remaining allegations contained within Complaint ¶2, and on that basis denies both

27   generally and specifically, in the conjunctive and disjunctive, each and every

28   remaining allegation contained therein.

3.    Answering Complaint ¶3, Defendant admits that it hired a third party repossession broker to repossess the Lancer and the Jeep in California. The remainder of Complaint ¶3 contains legal conclusions and therefore requires no responses. To the extent a response is required to the remainder of Complaint ¶3, Defendant lacks sufficient knowledge or information to form a belief as to the truth of any other remaining allegations contained within Complaint ¶3, and on that basis denies both generally and specifically, in the conjunctive and disjunctive, each and every remaining allegation contained therein.

4.    Answering Complaint ¶4, Defendant admits that that Wm. Maloy, Inc. repossessed the Lancer and the Jeep on or about May 6, 2016. The remainder of Complaint ¶4 contains legal conclusions and therefore requires no responses. To the extent a response is required to the remainder of Complaint ¶4, Defendant lacks sufficient knowledge or information to form a belief as to the truth of any other remaining allegations contained within Complaint ¶4, and on that basis denies both generally and specifically, in the conjunctive and disjunctive, each and every remaining allegation contained therein.

5.    Answering Complaint ¶5, Defendant is not required to respond to the extent that this paragraph sets forth legal conclusions. To the extent a response is required to the remainder of Complaint ¶5, Defendant lacks sufficient knowledge or information to form a belief as to the truth of any other remaining allegations contained within Complaint ¶5, and on that basis denies both generally and specifically, in the conjunctive and disjunctive, each and every remaining allegation contained therein.

**JURISDICTION AND VENUE**

6.    Answering Complaint ¶6, Defendant is not required to respond to the extent that this paragraph sets forth legal conclusions. To the extent a response is required to the remainder of Complaint ¶6, Defendant denies both generally and

specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

7.      Answering Complaint ¶7, Defendant is not required to respond to the extent that this paragraph sets forth legal conclusions.  To the extent a response is required to the remainder of Complaint ¶7, Defendant denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

## **PARTIES**

8.      Answering Complaint ¶8, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Complaint ¶8, and on that basis, denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

9.      Answering Complaint ¶9, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Complaint ¶9, and on that basis, denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

10.     Answering Complaint ¶10, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Complaint ¶10, and on that basis, denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

11.     Defendant admits the allegations contained in Complaint ¶11.

12.     Answering Complaint ¶12, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Complaint ¶12, and on that basis, denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

13.     Answering Complaint ¶13, Defendant denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

## FIRST CAUSE OF ACTION

### (Against Wm Maloy, Inc., William W. Maly, and the Doe Defendants for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)

14.     No response is required to Complaint ¶14, since it merely is a recitation incorporation by reference the allegations of paragraphs 1 through 13 of Plaintiff's Complaint; however, to the extent that a response is required, Defendant incorporates by reference Defendant's responses to paragraphs 1 through 13, inclusive, of this verified answer to Plaintiff's Complaint.

15.     Plaintiff's First Cause of Action is not alleged against Defendant and therefore Defendant is not required to respond to this paragraph.

16.     Plaintiff's First Cause of Action is not alleged against Defendant and therefore Defendant is not required to respond to this paragraph.

17.     Plaintiff's First Cause of Action is not alleged against Defendant and therefore Defendant is not required to respond to this paragraph.

18.     Plaintiff's First Cause of Action is not alleged against Defendant and therefore Defendant is not required to respond to this paragraph.

19.     Plaintiff's First Cause of Action is not alleged against Defendant and therefore Defendant is not required to respond to this paragraph.

## SECOND CAUSE OF ACTION

### (Against Defendants Wm. Maloy, William W. Maloy, and the Doe Defendants for Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 et seq.)

20.     No response is required to Complaint ¶20, since it merely is a recitation incorporation by reference the allegations of paragraphs 1 through 19 of Plaintiff's Complaint; however, to the extent that a response is required, Defendant incorporates by reference Defendant's responses to paragraphs 1 through 19, inclusive, of this verified answer to Plaintiff's Complaint.

/ / /

21.    Plaintiff's First Cause of Action is not alleged against Defendant and therefore Defendant is not required to respond to this paragraph.

22.    Plaintiff's First Cause of Action is not alleged against Defendant and therefore Defendant is not required to respond to this paragraph.

23.    Plaintiff's First Cause of Action is not alleged against Defendant and therefore Defendant is not required to respond to this paragraph.

24.    Plaintiff's First Cause of Action is not alleged against Defendant and therefore Defendant is not required to respond to this paragraph.

25.    Plaintiff's First Cause of Action is not alleged against Defendant and therefore Defendant is not required to respond to this paragraph.

26.    Plaintiff's First Cause of Action is not alleged against Defendant and therefore Defendant is not required to respond to this paragraph.

27.    Plaintiff's First Cause of Action is not alleged against Defendant and therefore Defendant is not required to respond to this paragraph.

28.    Plaintiff's First Cause of Action is not alleged against Defendant and therefore Defendant is not required to respond to this paragraph.

## THIRD CAUSE OF ACTION

### (Against Defendant Bellco for Violations of the Colorado UCC)

29.    No response is required to Complaint ¶14, since it merely is a recitation incorporation by reference the allegations of paragraphs 1 through 28 of Plaintiff's Complaint; however, to the extent that a response is required, Defendant incorporates by reference Defendant's responses to paragraphs 1 through 28, inclusive, of this verified answer to Plaintiff's Complaint.

30.    Answering Complaint ¶30, Defendant denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

31.    Answering Complaint ¶31, Defendant is not required to respond to the extent that this paragraph sets forth legal conclusions.  To the extent a response is

required to the remainder of Complaint ¶31, Defendant denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

32.     Answering Complaint ¶32, Defendant is not required to respond to the extent that this paragraph sets forth legal conclusions.  To the extent a response is required to the remainder of Complaint ¶32, Defendant denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

33.     Answering Complaint ¶33, Defendant is not required to respond to the extent that this paragraph sets forth legal conclusions.  To the extent a response is required to the remainder of Complaint ¶33, Defendant denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

## FOURTH CAUSE OF ACTION

### (Against All Defendants for Conversion)

34.     No response is required to Complaint ¶34, since it merely is a recitation incorporation by reference the allegations of paragraphs 1 through 33 of Plaintiff's Complaint; however, to the extent that a response is required, Defendant incorporates by reference Defendant's responses to paragraphs 1 through 33, inclusive, of this verified answer to Plaintiff's Complaint.

35.     Answering Complaint ¶35, Defendant is not required to respond to the extent that this paragraph sets forth legal conclusions.  To the extent a response is required to the remainder of Complaint ¶35, Defendant denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

36.     Answering Complaint ¶36, Defendant denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

DEFENDANT BELLCO CREDIT UNION'S ANSWER TO COMPLAINT

37.     Answering Complaint ¶37, Defendant denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

38.     Answering Complaint ¶38, Defendant denies both generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

## PRAYER FOR RELIEF

In response to Plaintiff's prayer for relief in Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any of the relief as sought in the prayer to the Complaint against Defendant, including paragraphs 1-6, inclusive, of Plaintiff's prayer for relief for the reasons set forth in this answer to Plaintiff's Complaint and in Defendant's affirmative defenses set forth herein below.  But particularly, Defendant specifically denies that Plaintiff is entitled to the relief sought in Complaint Prayer ¶¶3 & 5, since Plaintiff has asserted no basis for an award of punitive damages or attorney's fees and costs against Defendant.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiffs' Complaint, and to each and every cause of action therein, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

The Complaint is barred in whole or part because of Plaintiffs' failure to take adequate and reasonable measures to mitigate their alleged damages.

## SECOND AFFIRMATIVE DEFENSE
### (Offset)

Any injury or damage to Plaintiffs are offset by amounts owed to Defendant. The amount of offset will be according to proof at trial.

/ / /

/ / /

## THIRD AFFIRMATIVE DEFENSE

### (Comparative Fault)

Plaintiffs were at fault with respect to the matters alleged in the Complaint, and his recovery, if any, should be barred or reduced in proportion to their comparative fault.

## FOURTH AFFIRMATIVE DEFENSE

### (Responsibility of Third Parties)

Any injury or damage to Plaintiffs were a result of the intentional, negligent, or otherwise, wrongful acts of third parties, and any claims against Defendant shall be reduced in proportion to the faults of these third parties.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Each of the purported causes of action set forth in the Complaint is barred by the equitable doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Superseding and Intervening Cause)

Plaintiffs may not recover against Defendant because Plaintiffs' purported damages were the proximate result of superseding and intervening causes unrelated to any act by Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Compliance with Governing Law)

Defendant's compliance with the statutes, rules, and regulations, which govern the subject matter of this lawsuit, precludes its liability to Plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Causation)

Defendant is informed and believes and on that basis alleges that its actions, if there were any, were not a substantial factor in causing Plaintiffs' harm.

///

## NINTH AFFIRMATIVE DEFENSE

### (Uncertainty)

The Complaint does not describe the claims against Defendant with sufficient particularity and certainty to enable Defendant to determine what defenses may exist. Defendant reserves the right to assert all defenses that may be pertinent to or arise from Plaintiffs' claims against it when the precise nature of those claims has been ascertained.

## TENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Recovery for any injury or damage to Plaintiffs is barred by the applicable statute of limitations, including, but not limited to, Code of Civil Procedure sections 335.1, 337, 338, subdivision (a), 339, 340, subdivision (a), and 343, by Bus. & Prof. Code § 17208, by sections 2607(3)(a) and 2725(1) and (2) of the California Commercial Code, and by all other applicable statutes of limitations..

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Liability for Conduct of Agents)

If co-defendants were the agents of Defendant, which they were not, their alleged actions were not authorized or ratified by Defendant, who is not liable for those alleged actions.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Agency)

Co-defendants are not and were not agents of Defendant, and Defendant cannot be held responsible for the conduct of such co-defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendant's actions were proper and legal, and at all times it acted with good faith and without malice.

/ / /

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiffs' claims against Defendant are barred by Plaintiffs' consent to the performance of the alleged acts and things contained therein.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Business & Professions Code Section 7507.13)

Plaintiffs fail to state facts sufficient to state a cause of action against Defendant pursuant to the protections afforded by section 7507.13 of the Business and Professions Code, which provides that "the legal owner, registered owner, lienholder, lessor, or lessee is not liable for any act or omission by a licensed repossession agency in carrying out an assignment and is entitled to indemnity from the repossession agency for any loss, damage, costs or expense, including court costs and attorneys' fees, that the legal owner, registered owner, lienholder, lessor, or lessee may reasonably incur as a result thereof.  Nothing in this subdivision limits the liability of any person for his or her tortuous conduct."

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Choice of Law)

The subject Lancer and the Jeep were repossessed in the State of California and therefore California law, and not the Colorado Uniform Commercial Code, applies in this case regarding the repossession of those vehicles and with regard to any affirmative defenses Defendant may assert.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unknown Affirmative Defenses)

Defendant presently has insufficient knowledge and information on which to form a belief as to whether it has additional affirmative defenses, and reserves the right to assert additional affirmative defenses in the event discovery indicates such defenses would be appropriate.

/ / /

## <u>PRAYER</u>

WHEREFORE, Defendant prays for judgment against Plaintiffs as follows:

1.    That Plaintiffs take nothing against Defendant by his Complaint;

2.    That the Complaint be dismissed with prejudice as to Defendant;

3.    That all costs of suit, including reasonable attorneys' fees, be awarded to Defendant;

4.    That judgment be entered in favor of Defendant; and,

5.    That this Court award such further relief as it deems just and proper.

DATED:  July 13, 2016

SEVERSON & WERSON
A Professional Corporation


By:    _/s/ Douglas C. Stastny_____
        DOUGLAS C. STASTNY

Attorneys for Defendant
BELLCO CREDIT UNION

1

2

## PROOF OF SERVICE
### *Williams v. Wm. Maloy, Inc., et al.*
### USDC Central District Case No. 2:16-cv-03469 AB (KSx)

3

4

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

5

6

On July 13, 2016, I served true copies of the following document(s): **DEFENDANT BELLCO CREDIT UNION'S ANSWER TO COMPLAINT** on the interested parties in this action as follows:

7

### SEE ATTACHED SERVICE LIST

8

9

10

11

12

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

13

14

15

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

16

17

18

☐ **BY FEDEX:** I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

19

20

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

21

Executed on July 13, 2016, at Irvine, California.

22

23

24

_____
RYAN J. BROOKS

25

26

27

28

**SERVICE LIST**
*Williams v. Wm. Maloy, Inc., et al.*
**USDC Central District Case No. 2:16-cv-03469 AB (KSx)**

| | |
|---|---|
| Alexander B. Trueblood, Esq.<br>TRUEBLOOD LAW FIRM<br>10940 Wilshire Blvd., Suite 1600<br>Los Angeles, CA 90024<br><br>**Served Via CM/ECF** | Attorneys for Plaintiffs/Counterdefendants<br>VINCENT WILLIAMS and<br>ASHLEY MCASSEY<br><br>Telephone:  (310) 443-4139<br>Facsimile:   (310) 943-2255<br>Email:          alec@hush.com |
| Howard Smith, Esq.<br>BERMAN BERMAN BERMAN<br>SCHNEIDER & LOWARY, LLP<br>11900 W. Olympic Blvd., #600<br>Los Angeles, CA 90064<br><br>**Served Via U.S. Mail** | Attorneys for Defendants WM MALOY,<br>INC. and WILLIAM W. MALOY<br><br>Telephone:  (310) 447-9000<br>Facsimile:   (310) 447-9011 |