SCOTT J. HYMAN (State Bar No. 148709)
sjh@severson.com
DOUGLAS C. STASTNY (State Bar No. 269470)
dcs@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

Attorneys for Defendant/Counterclaimant
BELLCO CREDIT UNION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION**

VINCENT WILLIAMS, and ASHLEY MCASSEY,

Plaintiffs,

vs.

WM. MALOY, INC., WILLIAM W. MALOY, BELLCO CREDIT UNION, and DOES 1 through 10, inclusive,

Defendants.

BELLCO CREDIT UNION,

Counterclaimant,

vs.

VINCENT WILLIAMS and ASHLEY MCASSEY,

Counterdefendant.

Case No. 2:16-cv-03469 AB (KSx)
Hon. Andre Birotte, Jr.
Ctrm. 4 – Spring St.

**BELLCO CREDIT UNION'S COUNTERCLAIM FOR:**

**1) BREACH OF CONTRACT**

Action Filed: May 19, 2016
Trial Date: None Set

Defendant/Counterclaimant Bellco Credit Union ("Bellco") alleges as follows:

## GENERAL ALLEGATIONS

1. Bellco, at all material times, is duly licensed and qualified to do business in the State of Colorado.

2. The true names and capacities, whether individual, corporate, associate, or otherwise, of Counterdefendants ROES 1 through 10, inclusive, are unknown to Bellco, and therefore, Bellco sues said Counterdefendants by such fictitious names. Bellco is informed and believes, and on that basis alleges, that each of the Counterdefendants designated herein as a fictitiously named Counterdefendants is, in some manner, responsible for the events and happenings hereinafter alleged and caused or contributed to the damage done to Bellco as set forth in each cause of action below. Bellco reserves the right to amend its Counterclaim to specify the true names and capacities of said Counterdefendants when they have been ascertained.

3. Bellco is informed and believes, and on that basis alleges, that all Counterdefendants were, and are, the agents, servants, and employees of all other Counterdefendants, and were acting within the scope of this agency or employment in doing the things alleged in this Counterclaim.

## FIRST CAUSE OF ACTION

**(Breach of Contract against Counterdefendants and ROES 1-10)**

4. Bellco realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 3 of this Counterclaim as though fully set forth herein.

5. On or about May 26, 2014, Counterdefendants Vincent Williams and Ashley McAssey ("Counterdefendants ") entered into a Retail Installment Sale Contract ("Contract") whereby Counterdefendants agreed to purchase a new 2014 Jeep Wrangler, Vehicle Identification Number 1C4HJWFG3EL275360 ("Vehicle")

from Autonation Chrysler Jeep West in Golden, Colorado (the "Dealer"). A copy of the Contract is attached hereto as Exhibit "A."

6. Shortly after the Contract was executed, Dealer assigned all rights, title and interest under the Contract to Bellco. Bellco perfected the security interest by having its lien recorded on the Certificate of Title to the Vehicle.

7. Pursuant to the terms of the Contract, Counterdefendants agreed to make 75 equal monthly payments of $950.00, commencing on July 10, 2014 and each month thereafter until maturity of the Contract.

8. Counterdefendants breached the Contract by failing to make the monthly payments that came due in July 2014 and failed to make full and timely payments each month thereafter.

9. Bellco has elected to exercise its rights under the Contract to terminate the Contract, seek immediate possession of the Vehicle, and demand payment of Counterdefendants' remaining amounts due. The exact amount of Counterdefendants' liability shall be determined after the Vehicle is sold and shall be according to proof.

10. Bellco has performed all conditions, covenants and promises required of it in accordance with the terms and conditions of the Contract.

11. By the terms of the Contract, Counterdefendants have agreed to pay reasonable attorneys' fees and expenses, incurred by Bellco in enforcing its rights. By reason of Counterdefendants' default it has become necessary for Bellco to employ the undersigned counsel to commence and execute this action. Bellco is entitled to recover its attorneys' fees and expenses incurred herein.

WHEREFORE, Bellco prays for judgment hereinafter set forth.

///

///

///

///

**PRAYER**

1. On the First Cause of Action, for damages according to proof against Counterdefendants, plus interest, attorneys' fees and other costs and expenses as provided under the Contract;

2. For costs of suit herein;

3. For reasonable attorneys' fees incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

DATED: July 13, 2016

SEVERSON & WERSON
A Professional Corporation

By: *__/s/ Douglas C. Stastny__*
DOUGLAS C. STASTNY

Attorneys for Defendant/Counterclaimant
BELLCO CREDIT UNION

# EXHIBIT "A"

# RETAIL PURCHASE AGREEMENT

AUTOMATION CHRYSLER JEEP WEST
16300 W. COLFAX AVE
GOLDEN, CO 80401 303-278-0101

FORM# 5012
STORE# 102

(HEREINAFTER REFERRED TO AS "SELLER" OR "DEALER") RETAIL ORDER FOR A MOTOR VEHICLE.
PLEASE ENTER MY ORDER FOR THE FOLLOWING: ☒ NEW ☐ USED ☐ DEMO ☐ PREVIOUS SHORT TERM LEASE ☐ EXECUTIVE VEHICLE ☐ OTHER ____

| | | | | | |
|---|---|---|---|---|---|
| DATE 05/26/2014 | DEAL # 336902 | SALES #1 HUND,KIUMARS | | F & I MGR. ELZINGA,JAMISON | |
| STOCK # EL275360 | CUSTOMER # 5600357 | SALES #2 | | SALES MGR. SCHNELLE,NICHOL | |
| Purchaser ASHLEY N MCASSEY | | DL# | | DOB | |
| Co-Purchaser VINCENT P WILLIAMS | | DL# | | DOB | |
| Street Address 4901 S WADSWORTH BLVD #12 | | City LITTLETON | | State CO | Zip 80123 |
| Home Phone (630)453-9253 | | Bus. Phone (630)453-9253 | | Cell Phone | |
| E-Mail Address | | | | TPP Number | |

| Year | Make/Model | | Body Type | Vehicle Identification Number | |
|---|---|---|---|---|---|
| 2014 | JEEP | WRANGLER UNL | CV | 1C4HJWFG3EL275360 | |
| No. Cyl 6 | Engine Size 3.6L V6 | Transmission M | Color BRIGHT WHITE CL | | Mileage 39 |

## TRADE-IN VEHICLE #1

| | | | |
|---|---|---|---|
| YEAR 2007 | MAKE MERCEDES | MODEL S550 | BODY TYPE SD |
| STOCK # A134973 | MILEAGE 86228 | ☐ ACTUAL | ☐ INACCURATE |
| COLOR/TRIM BLUE | PLATE # | | DECAL # |
| VIN # WDDNG86X97A134973 | | | |

## TRADE-IN VEHICLE #2

| | | | |
|---|---|---|---|
| YEAR | MAKE | MODEL | BODY TYPE |
| STOCK # | MILEAGE | ☐ ACTUAL | ☐ INACCURATE |
| COLOR/TRIM | PLATE # | | DECAL # |
| VIN # | | | |

## LIENHOLDER PAYOFF INFORMATION

| | |
|---|---|
| LIENHOLDER | |
| ADDRESS | |
| PHONE | ACCOUNT # |
| PAYOFF 27459.92 | ☐ ESTIMATE ☐ ACTUAL |
| GOOD TILL | VERIFIED BY |

The balance owed on Your Trade-In Vehicle(s) as disclosed above is based on the information You have provided to Us. This payoff amount is only an estimate. We have not been able to confirm the exact balance owed as of the date of this Agreement. If We tender payment to payoff the remaining balance(s) owed, You authorize the lienholder(s) to release the title(s) to the Trade-In(s) to Us. If the actual amount of the balance owed on the Trade-In Vehicle(s) is greater than the amount of the balance owed as listed in this Agreement, You agree to pay the difference to Us within 48 hours of Our demand. If You fail to do so, We will place a lien on the Vehicle(s). If the actual amount of the balance owed is less than the amount listed, We will pay the difference to You.

X ____________ X ____________

Purchaser guarantees that the Trade-in Vehicle(s) ____ HAS ____ HAS NOT (i) been in an accident requiring repairs in excess of $2,000 (ii) a welded or bent frame (iii) suffered flood damage (iv) been designated as a "salvage vehicle" or "restored salvage" by an agency (v) liens or encumbrances other than as represented (vi) sustained substantial physical damage (vii) latent mechanical defects. Purchaser agrees to be liable for any damages Seller may incur if any of the above statements are untrue including attorney's fees and costs.

If Purchaser checked "HAS" above, specify details.

X ____________

In order to purchase the Vehicle, Purchaser accepts an adjusted sale price in lieu of all advertised prices, offers or incentives.

X ____________

Purchaser guarantees tax rate to be 7.62 % or will pay additional tax to Seller.

X ____________

Purchaser has received an original copy of the State Emissions Certificate. All duplicates or retests are the responsibility of the Purchaser. ______ Initials

The Colorado Motor Vehicle Dealer Board has the authority to investigate all complaints arising from the sale of a Motor Vehicle/Powersports Vehicle from a licensed dealer. *Any complaints should be forwarded in writing to the Auto Industry Division on behalf of the Dealer Board to 1881 Pierce St. #142, Lakewood, CO 80214, or you may send via fax at 303-205-5977. You may visit our website at www.revenue.state.co.us/dir/home.asp or contact us at 303-205-5604.*

X ____________ X ____________

*OPTIONAL ACCESSORIES/PRODUCTS/SERVICES: You have elected to purchase the optional items listed. The Seller does not require you to purchase any of these items. The amount for these items represents cost and profit to the Seller. See TERMS AND CONDITIONS on reverse side.

**DEALER HANDLING FEE: This charge represents cost and additional profit to the Seller for items such as cleaning, adjusting new and used vehicles.

## WARRANTY STATEMENT

WE ARE SELLING THIS VEHICLE TO YOU AS-IS AND WE EXPRESSLY DISCLAIM ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, UNLESS OTHERWISE INDICATED BELOW. ALL WARRANTIES, IF ANY, BY A MANUFACTURER OR SUPPLIER OTHER THAN OUR DEALERSHIP ARE THEIRS, NOT OURS, AND ONLY SUCH MANUFACTURER OR OTHER SUPPLIER SHALL BE LIABLE FOR PERFORMANCE UNDER SUCH WARRANTIES. WE NEITHER ASSUME NOR AUTHORIZE ANY OTHER PERSON TO ASSUME FOR US ANY LIABILITY IN CONNECTION WITH THE SALE OF THE VEHICLE AND THE RELATED GOODS AND SERVICES. IF WE SELL A SERVICE CONTRACT ON OUR OWN BEHALF, ANY IMPLIED WARRANTIES WILL APPLY ONLY WITH RESPECT TO THE ITEMS COVERED IN THE SERVICE CONTRACT.
CONTRACTUAL DISCLOSURE STATEMENT (USED VEHICLES ONLY) THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

☐ USED VEHICLE LIMITED WARRANTY APPLIES. We are providing the attached Used Vehicle Limited Warranty in connection with this transaction. Any implied warranties are limited in duration to the term of the Used Vehicle Limited Warranty.

## ITEMIZATION OF COSTS

SELLING PRICE $ 41670.00

SELLER INSTALLED EQUIPMENT: The following options which have been provided through your dealer, are not products of the manufacturer. Please note that any warranty on these items is not through the manufacturer and should the need arise, you should contact your dealer or the vendor that provided the option.

| Item | | Amount |
|---|---|---|
| OPTIONAL ACCESSORIES/PRODUCTS/SERVICES* | + | |
| INCLUDED VCP CONVENTIONAL | + | 1.00 |
| | + | N/A |
| | + | N/A |
| | + | N/A |
| | + | N/A |
| | + | N/A |
| | + | N/A |
| | + | N/A |
| | + | N/A |
| | + | N/A |
| | + | N/A |
| | + | N/A |
| | + | N/A |
| | + | N/A |
| | + | N/A |
| | + | N/A |
| | + | N/A |
| DEALER HANDLING FEE** | + | 499.00 |
| TOTAL SELLING PRICE INCLUDING ACCESSORIES | = | 42170.00 |
| LESS DISCOUNT AND/OR TRADE-IN ALLOWANCE | | 22000.00 |
| TAXABLE SUBTOTAL | = | 20170.00 |
| STATE SALES TAX: 2.90% | + | 584.90 |
| | + | N/A |
| CITY SALES TAX: 3.62% | + | 730.12 |
| RTD TAX: 1.10% | + | 221.86 |
| TITLE/LICENSE FEE | + | 27.20 |
| | + | N/A |
| | + | N/A |
| | + | N/A |
| SUBTOTAL | = | 21734.08 |
| BALANCE OWED ON TRADE-IN | + | 27459.92 |
| | + | N/A |
| | + | N/A |
| GAP | + | 895.00 |
| | + | N/A |
| | + | N/A |
| | + | N/A |
| | + | N/A |
| | + | N/A |
| | + | N/A |
| TOTAL DUE | = | 50089.00 |
| FACTORY CASH / REBATE ASSIGNED TO SELLER | - | N/A |
| DEPOSIT / PARTIAL PAYMENT | - | 1700.00 |
| DEPOSIT / PARTIAL PAYMENT | - | N/A |
| UNPAID BALANCE DUE | = | 48389.00 |

By signing below, I represent that I am at least 18 years of age and have authority to enter into this Agreement. I have read the terms and conditions of this Agreement, including those that appear on the reverse side (which I agree to the same as if they were printed above my signature) and hereby acknowledge that this Agreement is complete and accurately reflects the negotiations and agreements between the Seller and myself. If I did not understand any of the above, I have had my own representative and agent read and explain in my native language (or have had the opportunity but have elected not to do so) all of the above and foregoing. Any fraud or misrepresentation in a Motor Vehicle/Powersport Vehicle sale is punishable under Colorado State Law.

## IMPORTANT ADDITIONAL TERMS AND CONDITIONS ON BACK

PURCHASER/CO-PURCHASER ACKNOWLEDGES HE OR SHE HAS READ ALL OF THE FOREGOING AND HAS RECEIVED A TRUE COPY OF THIS AGREEMENT. NO REPRESENTATIONS HAVE BEEN MADE THAT ARE NOT SET OUT HEREIN.

| | |
|---|---|
| ACCEPTED ELZINGA, JAMISON<br>SELLER (MANAGER) | PURCHASER |
| VERBAL PROMISES ARE NOT BINDING<br>DEMAND THAT PROMISES ARE PUT IN WRITING | CO-PURCHASER |

MAKE SURE YOUR SALESPERSON GIVES YOU A SIGNED COMPANY RECEIPT FOR ANY CASH TENDERED



DOX TO REORDER CALL 800-ADP-ADPA

## TERMS AND CONDITIONS

1. Terms Used In This Agreement: This Retail Purchase Agreement contains the following words and phrases that appear throughout this Agreement and have particular meanings:
   a. Agreement - Means this Retail Purchase Agreement together with any documents incorporated into this Agreement by reference, whether such reference is made in this Agreement or the document itself.
   b. You, Your - Means a Purchaser as shown on this Agreement who is initiating this transaction.
   c. We, Us, Our - Means the Seller/Dealer that is identified on the front side of this Agreement and its Authorized Representatives.
   d. Manufacturer - Means the company that manufactured the Vehicle or chassis.
   e. Vehicle - Means the Vehicle described on the front of this Agreement that You are purchasing from Us.
   f. Trade-In Vehicle - Means the vehicle You are delivering to Us as part of this transaction to be applied against the Selling Price of the Vehicle You are purchasing.
2. In the event the Manufacturer changes or modifies the design of any part or accessory of the Vehicle after Your order for the Vehicle has been entered by Us, You will not have any claim or right against Us if the Vehicle does not contain such changes or modifications, nor shall We be required to effect such changes or modifications to the Vehicle.
3. In the event the price to You of the Vehicle ordered is changed by the Manufacturer prior to delivery to You, (ie., there is an increase in the cost of the Vehicle to Us), We may increase the price of the Vehicle and You agree to pay such adjusted price. We may also increase the price of the Vehicle and You agree to pay such adjusted price if You require the addition of new equipment or the addition of new equipment is required by state or federal law or if the price increase is caused by state or federal tax rate changes.
4. You agree that We are not liable for any damages resulting from Our failure to deliver the Vehicle if the failure is caused by an accident, fire, act of nature or any other causes beyond Our control. This Agreement may be renegotiated or canceled (with full refund of any deposit/partial payment) if the Vehicle is not delivered to You as specified on the front side of this Agreement. If You have delivered a Trade-In Vehicle to Us, the Trade-In Vehicle shall be returned to You, or if the Trade-In Vehicle is not available, refund to You the actual value of the Trade-In Vehicle.
5. Any Trade-In Vehicle delivered by You to Us in connection with this transaction shall be accompanied by a title or documents sufficient to [illegible]

[illegible]

10. The front and back of this Agreement and any documents incorporated herein by reference comprise the entire agreement affecting this purchase. [illegible] If You have executed an Arbitration Agreement in conjunction with this Agreement, such Arbitration Agreement shall be incorporated herein by reference and made a part of this Agreement.
11. You acknowledge that You are not relying upon any statement or promise by any salesperson, sales manager or any other employee of Ours that is not contained in any written document executed by Us and You.
12. If this is a cash sale, payment is demanded and due on delivery of the Vehicle. If any payment to Us, whether as a deposit or full or partial payment, is made by check which is subsequently dishonored, You agree that within 24 hours following written or oral notice from Us that the check has been dishonored, You will (1) pay the amount of the returned check, along with a $25 dishonored check fee, in cash or certified funds, or (2) return the Vehicle to Us. If You fail to timely pay the amount of the returned check and applicable charges in good funds or return the Vehicle to Us, We may, at our sole option, pursue all available legal remedies that We may have, including (1) reaffirming the Agreement and holding You contractually liable for the Unpaid Balance Due, as shown on the front of this Agreement, or (2) canceling the sale and retaking immediate possession of the Vehicle and collecting from You all reasonable expenses incurred by Us in connection with retaking the Vehicle. [illegible]
13. YOU SHALL NOT BE ENTITLED TO RECOVER FROM US ANY CONSEQUENTIAL DAMAGES, DAMAGES TO PROPERTY, MENTAL ANGUISH, DAMAGES FOR LOSS OF USE, LOSS OF TIME, LOSS OF PROFITS, OR INCOME, OR ANY OTHER INDIRECT OR INCIDENTAL DAMAGES ARISING DIRECTLY OR INDIRECTLY FROM THIS AGREEMENT.
14. [illegible] shall remain in full force and effect.
15. [illegible]
16. [illegible]
17. [illegible]
18. [illegible]
19. [illegible] ... OF THE VEHICLE. YOU WILL MAINTAIN INSURANCE ON THE VEHICLE TO COVER SUCH RISKS, AND THE INSURANCE THAT YOU PROVIDE SHALL BE PRIMARY. YOU HEREBY ASSIGN TO US THE RIGHT TO RECEIVE PROCEEDS PAYABLE TO YOU UNDER ALL INSURANCE POLICIES COVERING ANY LOSS, DAMAGE OR DESTRUCTION AND YOU HEREBY AUTHORIZE AND DIRECT THE CARRIERS OF ALL SUCH INSURANCE POLICIES TO PAY SAID PROCEEDS DIRECTLY TO US BY CHECK OR DRAFT PAYABLE TO THE ORDER OF YOU ALONE. WE ARE HEREBY IRREVOCABLY APPOINTED YOUR ATTORNEY IN FACT TO ENDORSE YOUR NAME TO ANY CHECKS OR DRAFTS ISSUED BY SUCH INSURANCE CARRIERS BY REASON OF SUCH ACCIDENT. ANY SUCH PROCEEDS RECEIVED BY US SHALL BE APPLIED TOWARD PAYMENT OF YOUR OBLIGATION HEREUNDER AND ANY EXCESS OF SUCH PROCEEDS OVER SAID OBLIGATIONS SHALL BE REMITTED TO YOU. YOU AGREE TO DEFEND, INDEMNIFY AND HOLD US HARMLESS AND OUR SHAREHOLDERS, OFFICERS, EMPLOYEES, AGENTS, SUCCESSORS, ASSIGNS AND INSURERS FROM AND AGAINST ANY AND ALL CLAIMS, DEMANDS, SUITS, ACTIONS, SETTLEMENTS, DAMAGES, LIABILITIES COSTS AND/OR EXPENSES (INCLUDING ATTORNEY'S FEES AND EXPENSES) RELATING TO OR ARISING OUT OF OR IN CONNECTION WITH THE USE OR OPERATION OF THE VEHICLE UNTIL THE VEHICLE HAS BEEN RETURNED TO OR RETAKEN BY US.

*This contract contains important information regarding your rights and obligations, including limitations that apply to you. Please read carefully the front and back of this contract before signing.*

# RETAIL INSTALLMENT SALE CONTRACT (DEALER — SIMPLE INTEREST)

| Customer Number | Contract Number | Contract Date (Mo, Da, Yr) | Buyer's Personal Phone | Buyer's Business Phone |
|---|---|---|---|---|
| | | | | |

Buyer/Co-Buyer (also referred to as "you, your, yours"): Name, Address, Zip Code of each

Seller/Creditor (also referred to as "we, us, our"): Name, Address, Zip Code of each

| ☐ New ☐ Used | Year | Make and Model | Vehicle Identification Number | Primary Use: Personal, unless otherwise indicated below. ☐ Business ☐ Agricultural |
|---|---|---|---|---|

Your trade-in is a Year ____ Make ____ Model ____

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. | The total cost of your purchase on credit, including your down payment of $ ____ |
| ____% | $ ____ | $ ____ | $ ____ | $ ____ |

**Your payment schedule will be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

**Security:** You are giving us a security interest in the vehicle being purchased

**Late Charge:** If payment is not received in full within 10 days after it is due, you will pay a late charge of $15

**Prepayment:** If you pay off early, you may have to pay a minimum finance charge.

**Additional Information:** See this contract for more information about a prepayment penalty, nonpayment, default, any required repayment in full before the scheduled date, and security interests

This contract will be assigned to Bellco Credit Union
(Name and address) PO Box 6611 Greenwood Village, CO 80155

**ITEMIZATION OF AMOUNT FINANCED**

1. Cash price (including accessories, services, $ ____ delivery and handling charge,* and $ ____ sales tax) $ ____ (1)
2. Total down payment (if negative enter "0" and see line 4d below) Gross trade-in $ ____ − payoff by Seller $ ____ = net trade-in $ ____ + cash $ ____ + other ____ N/A $ ____ + other ____ N/A $ ____ + other ____ $ ____ N/A $ ____ (2)
3. Unpaid balance of cash price (1 minus 2) $ ____ (3)
4. Other charges including amounts paid to others on your behalf (We may retain portions of these amounts)
   a. Fees to public officials (describe) Government certificate of title fees (includes security interest recording fee of $ ____) $ ____ N/A — N/A $ ____ N/A $ ____
   b. To insurance companies (describe) — N/A $ ____ $ N/A
   c. Other (describe who is paid and purpose) to NOPAR for NOPAR $ N/A; to ____ for ____ $ ____; to ____ for ____ $ ____; to ____ for ____ $ ____
   d. Net trade-in payoff to ____ $ ____
   Total other charges and amounts paid to others on your behalf $ ____ (4)
5. Amount Financed (3 + 4) $ ____ (5)

* The delivery and handling charge represents costs and additional profit to the Seller/Dealer

**Insurance:** You may obtain the physical damage insurance required by this contract (see back) from anyone you want that is acceptable to the Seller. If you obtain insurance from the Seller, you will pay $ ____ for the first ____.

Credit life insurance and credit disability insurance are not required to obtain credit, will not be a factor in the credit approval process, and will not be provided unless you sign below and agree to pay the additional cost. Credit life insurance pays only the amount you would owe if you paid all your payments on time. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

I want:
☐ Credit Life ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability ☐ Buyer

Buyer Signature ____

Co-Buyer Signature ____

Premium: ____ Term: ____
Credit Life $ ____
Credit Disability $ ____

THIS CONTRACT DOES NOT PROVIDE FOR AUTOMOBILE LIABILITY INSURANCE, AND SAID BUYER ALSO STATES THAT HE OR SHE HAS / ~~DOES NOT HAVE~~ (strike words not applicable) IN EFFECT AN AUTOMOBILE LIABILITY POLICY AS DEFINED IN SECTION 42-7-103(2), COLORADO REVISED STATUTES, ON THE MOTOR VEHICLE SOLD BY THIS CONTRACT. AM

**GAP/DEBT CANCELLATION**

**Debt cancellation or guaranteed automobile protection ("GAP") agreements, which pay or satisfy the remaining debt after property insurance benefits are exhausted, are not required to obtain credit or any particular or favorable credit terms and will not be provided unless you sign below and agree to pay the additional cost. You may wish to consult an insurance agent to determine whether similar coverage may be obtained and at what cost. GAP benefits may decrease over the term of this contract. You may cancel GAP for any or no reason within 30 days after GAP was purchased and receive a full refund of the GAP fee or premium so long as no loss or event covered by GAP has occurred. GAP is not a substitute for collision or property damage insurance.**

I want: ____
(Name of debt cancellation/GAP agreement)

Buyer Signature [signature]

Co-Buyer Signature [signature]

Fee/Premium $ ____ Term ____

## CONTRACT AND AGREEMENT TO PAY

You, the Buyer and any Co-Buyer, agree to purchase the vehicle described above on the terms in this contract.

You agree to pay us (or our assignee named in this contract) the amount financed, the finance charge, and all other amounts owed to us under this contract, according to the payment schedule above and the terms of this contract. We calculate the finance charge, total of payments, and total sale price on the assumption that you will make every payment on the day it is due. Because the finance charge is calculated on a daily basis on the unpaid part of the amount financed, your finance charge, total of payments, and total sale price will be more if you pay late and less if you pay early. These changes may take the form of a larger or smaller final payment, or, at our option, more or fewer payments of the same amount as your scheduled payment, with a smaller final payment.

If payment is not received in full within 10 days after it is due, you agree to pay a late charge of $15.

If you pay off early, we are entitled to a minimum finance charge of $ ____.

If you pay with a check or other instrument that is dishonored or returned, you will pay us a fee of $25 (if the amount financed is $75,000 or less) or $20 (if the amount financed exceeds $75,000 or is not for personal use).

***The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a portion of the Finance Charge.***

**SECURITY AGREEMENT.** You give us a security interest in the vehicle described in this contract and all parts or goods installed in it, all money or goods received (proceeds) for the vehicle, all insurance, maintenance, service, or other contracts we are financing for you as part of this purchase, and all proceeds from insurance, maintenance, service, or other contracts we are financing for you as part of this purchase. This includes any refunds of premiums or charges from the contracts. This interest secures payment of all you owe on this contract. It also secures your other agreements in this contract. You agree to make sure that the title shows our security interest (lien) in the vehicle.

This transaction is subject to Arbitration and Sellers Right to Cancel as described on the reverse side of this contract. By signing this contract, you agree to all of the terms on each page of this contract, and you agree that you have been given a completed copy. If you sign as Co-Buyer, you are responsible for paying the entire debt. If you sign as a Co-Owner, your name will be on the title to the vehicle, but you will not be responsible for paying the debt. If you sign here as a Co-Owner or Co-Buyer, you agree to the security interest in the vehicle.

**Signature of** Buyer [signature] 05/26/2014 Date

**Signature of** ☐ Co-Buyer ☐ Co-Owner [signature] 05/26/2014 Date

**Seller/Secured Party** AUTONATION CHRYSLER JEEP WEST By: [signature] 05/26/2014 Date

You agree that this contract contains our entire agreement regarding the financing of the vehicle, and that the terms of this contract cannot be modified except in a writing signed by all the parties.

Buyer Signs X [signature] Co-Buyer Signs X [signature]

ADDITIONAL PROVISIONS

**Your Other Promises to Us**

[illegible] transfer this vehicle or any interest [illegible] without getting written permission from us first [illegible] e, seizure, confiscation or involuntary transfer.

You [illegible] anyone to obtain a lien or security interest on [illegible] a debt or judgment.

You [illegible] notice within 10 days if your address changes from the one shown on the front of this form.

You agree to [illegible] information that we might reasonably require and sign any papers [illegible] establish and maintain our security interest in this vehicle.

You agree not to [illegible] this vehicle from the United States for more than 30 days before getting [illegible] permission from us.

You [illegible] vehicle in good repair and not destroy it or use it in a way that breaks any law or violates the insurance policy on the vehicle. You agree that we may inspect this vehicle at any reasonable time.

You [illegible] assessments, registration fees, repair bills or other expenses in connection with this vehicle when they are due.

If we get a refund of insurance, maintenance service or other contract charges, we may subtract the refund from what you owe us.

You agree that if the vehicle is a total loss because it is confiscated, damaged, or stolen [illegible] claims benefits under any insurance, maintenance service, or other contracts [illegible] charges are included in this contract and we may cancel these contracts to obtain refunds of unearned charges to reduce what you owe.

**Insurance**

You [illegible] physical damage insurance (also known as "extended coverage") [illegible] to the vehicle as long as this contract is in effect [illegible] proof that you have fulfilled [illegible] interest in the vehicle and benefits under [illegible] The policy must provide for at least 10 days' written [illegible] The terms, amounts, effective dates and insurance company must meet our approval.

If, at any time, you do not have the physical damage insurance on the vehicle required by this contract, we may, if we decide, purchase insurance that covers both your interest and our interest in the vehicle or purchase insurance that only covers our interest in the vehicle and charge you the premium for the insurance plus a finance charge computed at the Annual Percentage Rate stated on this contract. We will notify you if we purchase this insurance and we will tell you what type it is and how much you will have to pay.

You agree that we may use any insurance settlement to reduce what you owe or repair the vehicle if it is lost or damaged.

If you have elected on the front of this contract to obtain any insurance, see the policies or certificates from the insurers for coverage limits and other terms and conditions.

**If You Break a Promise to Us (Default)**

You will be in default if:

- you do not pay the payments as agreed.
- any important information you provide in connection with this contract is not true when you provide it.
- you die or any guarantor or surety for you dies.
- you start a proceeding in bankruptcy or one is started against you or your property.
- if you are a business, you are dissolved, terminated or cease doing business; OR
- you break any of the other promises you made in this contract.

If you default, we may demand that you pay all you owe us at once after we give you any notice that the law requires, and we may sue to collect.

If we hire an attorney to collect what you owe under this contract, you will pay the attorney fees and court costs as the law permits. The maximum attorney fee you will pay will be 15% of the amount you owe, unless a court awards an additional amount.

If you default, we may take (repossess) the vehicle from you after we give you any notice the law requires. We may take the vehicle only if we do so peacefully and the [illegible] equipment, and replacement parts will stay with the vehicle.

If the vehicle has an electronic tracking device, you agree that we may use the device to find [illegible] personal items are in the vehicle when we repossess it [illegible] at your expense. If you do not ask for these items, we may dispose of them [illegible].

If we repossess the vehicle, you may redeem it (pay to get it back). Upon your request we will [illegible] which you must pay to redeem the vehicle. Your right to redeem ends [illegible] the vehicle.

If we [illegible] we may claim benefits under any insurance, maintenance, service or other contracts for which charges are included in this contract. We also may [illegible] to obtain refunds of unearned charges to reduce what you owe [illegible] repair the vehicle.

If we [illegible] and sell it, we will apply the money from the sale to the amount you owe [illegible] deducting allowed expenses. Allowed expenses are expenses we pay [illegible] of taking the vehicle, holding it, preparing it for sale and selling it [illegible] fees and court costs the law permits. If the money from the sale [illegible] pay the amount you owe, you must pay the rest to us unless the law [illegible] If you do not pay this amount when we ask, we may charge you interest at the highest lawful rate until you do.

If you [illegible] charge will continue in effect until all amounts owed under this contract are paid in full.

**If We Make Payments or Incur Expenses for You**

You [illegible] pay taxes, registration, title, or license fees, assessments, repairs [illegible] fees insurance this contract requires, or other items related to the [illegible] expenses are reasonable to protect the risk of loss or damage to the [illegible] notify you of these expenditures. You also agree that, if we do pay [illegible] for you, the amount of the payment will accrue a finance charge [illegible] percentage rate stated in this contract, and you agree to reimburse [illegible] for any such payments or expenses.

**Warranties**

**Unless the Seller makes a written warranty or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**

This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

**Applicable Law and Severability**

Federal law and Colorado law apply to this contract.

If any provision of this contract or part thereof violates any federal, state or local law or ordinance, that provision or part thereof shall be deemed amended to so comply with the law or ordinance, and shall be construed in a manner so as to comply.

If any provision of this contract (other than the first sentence of the fourth paragraph under "Arbitration Provisions") is determined to be unenforceable by an arbitrator or a court, the remaining provisions shall be severable and enforceable according to their terms. If such first sentence is determined to be unenforceable, then all of the Arbitration Provisions will be severed from this contract and the remaining provisions shall be severable and enforceable according to their terms.

**Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**

**Spanish Translation:**

**Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

**SELLER'S RIGHT TO CANCEL**

Seller agrees to deliver the vehicle to you on the date this contract is signed. Seller intends to assign this contract to a financial institution. If Seller does not assign this contract to a financial institution, Seller may cancel this contract upon written notice. In that event, you may enter into a new contract with different financing terms or you may pay with alternate funds arranged by you. Upon receipt of our notice, you must immediately return the vehicle to Seller. If you do not immediately return the vehicle, Seller may use any legal means to recover it (including repossession) and you will be liable for all expenses incurred in recovering the vehicle, including reasonable attorneys' fees. All terms of this contract are in full force and you are responsible for any loss or damage to the vehicle and the costs of repair of any damage while the vehicle was in your possession.

**ARBITRATION PROVISIONS**

Any claim, dispute or controversy ("claim") arising under or relating to this contract or the vehicle purchase agreement (except where the purchase agreement includes its own dispute resolution provisions, in which case such provisions shall control any claim arising under or relating to the purchase agreement), whether in contract or tort including without limitation constitutional, statutory, common law, regulatory and equitable claims and claims regarding the validity, enforceability or scope of the contract, shall, at your or our election, be resolved by binding arbitration. Such binding arbitration shall be conducted before a single arbitrator appointed in accordance with its applicable rules by the organization you select among the following: the Better Business Bureau, American Arbitration Association, Legal Resolution Center, Judicial Arbiter Group or Judicial Arbitration and Mediation Services.

The arbitration hearing shall be conducted in the applicable arbitration organization's office that is nearest to the Seller's location. The arbitrator shall apply governing substantive law in making an award. If the applicable arbitration rules conflict with this arbitration provision, then this arbitration provision shall control. If the rules of the chosen arbitration organization do not specify how fees must be allocated, we will pay the filing, arbitrator, and other administration fees up to $5,000, unless the law requires us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. You and we will each be responsible for our own attorney, expert and other fees, unless such fees are awarded by the arbitrator under applicable law. Except as prohibited by law, if a party unsuccessfully challenges the arbitrator's award or fails to comply with it, the other party is entitled to recover the costs, including reasonable attorneys' fees, of defending or enforcing the award.

The parties expressly agree that this arbitration provision involves and concerns interstate commerce and is governed by the Federal Arbitration Act, (9 U.S.C. § 1 *et seq.*), to the exclusion of any different or inconsistent state or local law or judicial rule.

**YOU AND WE UNCONDITIONALLY WAIVE THE RIGHT TO LITIGATE ALL CLAIMS IN COURT, INCLUDING THE RIGHT TO A JURY TRIAL, TO PARTICIPATE AS A MEMBER OF ANY CLASS IN ANY CLASS ACTION, INCLUDING CLASS ARBITRATION, AND TO CONSOLIDATE ANY ARBITRATION WITH OTHERS.** You and we retain any rights to self-help remedies, such as repossession, and to file a replevin action or a small claims action. Neither you nor we waive the right to arbitrate by using self-help remedies or by filing a replevin action or a small claims action. This arbitration provision shall survive any termination, payoff or transfer of this contract.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**The preceding NOTICE applies only to goods or services obtained primarily for personal use. In all other cases, the buyer will not assert against any subsequent holder or assignee of this contract any claims or defense the buyer may have against the seller, or against the manufacturer of the vehicle obtained under this contract.**

**If this transaction contains a fee or premium for guaranteed automobile protection, all holders and assignees of this consumer credit transaction are subject to all claims and defenses which the debtor could assert against the original creditor resulting from the debtor's purchase of guaranteed automobile protection.**

☐ This contract is assigned subject to the terms of a separate agreement.

**ASSIGNMENT**

For value received, Seller assigns all of its right, title and interest in this Contract to Bellco Credit Union

Seller expressly warrants that: (a) this Contract arose from the bona fide, ordinary course of business, sale to Buyer of the described property, (b) title to the property at the time of sale was vested in Seller, (c) Seller had the legal right to and did properly assign and deliver such title and property to Buyer, (d) such property was not misrepresented in any way to Buyer, (e) the statements of Buyer in his credit statement are true to Seller's knowledge, (f) the Collateral is free of all security interests and liens, except the within security interest, (g) Seller is the sole owner of this Contract and has the right to sell and assign same, (h) the down payment was paid in full by Buyer in cash and/or trade-in as stated herein, (i) Buyer is of lawful age and competent, (j) the signature(s) of Buyer(s) is (are) genuine, (k) the Collateral is correctly described herein, (l) Seller has made all disclosures and given all notices required by the Federal Consumer Credit Protection Act and Colorado Uniform Consumer Credit Code, and (m) Buyer's obligation did not arise from a referral sale or a home solicitation sale. If any of [illegible] warranties are false, Seller agrees to save assignee harmless and to pay all attorney fees and other costs incurred by assignee in enforcing such warranties against Seller.

| AutoNation Chrysler Jeep West | Brooke | Agent | 05/26/14 |
|---|---|---|---|
| Seller | By | Title | Date |

**PROOF OF SERVICE**
***Williams v. Wm. Maloy, Inc., et al.***
**USDC Central District Case No. 2:16-cv-03469 AB (KSx)**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

On July 13, 2016, I served true copies of the following document(s): **BELLCO CREDIT UNION'S COUNTERCLAIM FOR: 1) BREACH OF CONTRACT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐ **BY FEDEX:** I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 13, 2016, at Irvine, California.

RYAN J. BROOKS

**SERVICE LIST**
***Williams v. Wm. Maloy, Inc., et al.***
**USDC Central District Case No. 2:16-cv-03469 AB (KSx)**

| | |
|---|---|
| Alexander B. Trueblood, Esq.<br>TRUEBLOOD LAW FIRM<br>10940 Wilshire Blvd., Suite 1600<br>Los Angeles, CA 90024<br><br>****Served Via CM/ECF**** | Attorneys for Plaintiffs/Counterdefendants VINCENT WILLIAMS and ASHLEY MCASSEY<br><br>Telephone: (310) 443-4139<br>Facsimile: (310) 943-2255<br>Email: alec@hush.com |
| Howard Smith, Esq.<br>BERMAN BERMAN BERMAN SCHNEIDER & LOWARY, LLP<br>11900 W. Olympic Blvd., #600<br>Los Angeles, CA 90064<br><br>****Served Via U.S. Mail**** | Attorneys for Defendants WM MALOY, INC. and WILLIAM W. MALOY<br><br>Telephone: (310) 447-9000<br>Facsimile: (310) 447-9011 |